134 So.2d 749

**NELSON & ROBBINS et al.**

v.

**Thomas C. MUND, Sr.**

**1 Div. 971.**

Supreme Court of Alabama.

Nov. 16, 1961.

MacDonald Gallion, Atty. Gen., and John D. Bonham, Wm. G. O'Rear, and Wm. S. Mooneyham, Asst. Attys. Gen., for appellants Younger and Allen.

Richard C. Lacey, Gulf Shores, and Rufus M. King, Montgomery, for appellants Nelson and Robbins.

Chason & Stone, Bay Minette, for appellee.

LAWSON, Justice.

The Legislature of this state conferred upon the Director of the Department of Conservation the power "to lease to any citizen of Alabama or firm or corporation organized under the laws of this state and doing business within its limits for the purpose of oyster culture, any bottom of the waters of the state in a natural oyster bed or reef, in such areas and at such prices and under such conditions as the director may determine." § 114, Title 8, Code 1940.

Acting under that authority, William C. Younger, as Director of the Department of Conservation, on December 20, 1960, leased to John Ray Nelson, of Bon Secour, Alabama, State-owned oyster bottoms in Mobile Bay described as follows: "S½ of Section 10, SW¼ of Section 11, SE¼ of Sec. 9, Township 7 South, Range 1 East, Baldwin County, Alabama."

Thomas C. Mund, Sr., a resident of Gulf Shores, Baldwin County, has for a number of years worked as a fisherman and oysterman in Mobile Bay. He questions the legality of the lease to John Ray Nelson and, in consequence, he filed a bill in the Circuit Court of Baldwin County against Nelson & Robbins, Inc., a corporation, of which John Ray Nelson is a stockholder; John Ray Nelson; William C. Younger, as Director of the Department of Conservation; and George W. Allen, as Chief of the Division of Seafoods of that department, praying among other things that the court:

" * * * issue an injunction pendente lite in and by the terms of which the Respondents Nelson & Robbins, Inc., a corporation, and John Ray Nelson and their agents, servants and employees be temporarily restrained and enjoined from, in any manner, going upon the property hereinabove described and known as the Point Clear reef in Baldwin County, Alabama, or by any manner or means from taking, removing or attempting to take or remove any type, size or kind of oyster therefrom or from exercising any right or privilege attempted to be granted to them under and by virtue of the terms of any lease, agreement, option, contract or other written instrument by the State of Alabama acting by and through the Respondent William C. Younger as the Director of the Department of Conservation or the Respondent George W. Allen as Chief of the Seafood Division of the State of Alabama, pending a final determination of this cause."

Upon presentation of the sworn bill, as amended, Judge Hall set a time and place for a hearing on the application for the injunction pendente lite, as provided by § 1054, Title 7, Code 1940, and notice was

ordered and given as required by that section.

Following the hearing, at which a number of witnesses were examined in his presence, the judge ordered the issuance of an "injunction pendente lite according to the prayer in the bill of complaint and application." The writ of injunction was duly issued.

The respondents have appealed from that order (§ 1057, Title 7, Code 1940) and from a decree overruling their demurrers to the bill.

Errors are assigned which challenge the correctness of the decree overruling the demurrers, but those assignments have not been argued by appellants; hence, they will not be treated in this opinion. Hodge v. Rambow, 155 Ala. 175, 45 So. 678; White v. Henry, 255 Ala. 7, 49 So.2d 779.

The sworn bill does not charge fraud or corruption in connection with the execution of the lease and the testimony adduced at the hearing does not support any such inference.

The 640 acres was leased to Nelson for a period of five years at an annual rental of $704, that is, $1.10 per acre.

■ No one else submitted a satisfactory bid on all of the property covered by the Nelson lease. One Sims submitted a bid which affected a part of that property, which read: "The South ½ of Section 10, T 7 S. = R 1 E and the SW¼ of Section 11, T 7 S – R 1 E. $5.12 per acre *for all bottoms within the above area suitable for growing oysters.*" (Emphasis supplied.)

The actual area located within the description of Sims' bid is 480 acres, but the language which we have italicized clearly shows that Sims did not bid on all 480 acres, but only on the bottoms which were suitable for growing oysters. Therefore, there was no way for the Department of Conservation to determine the exact area

on which Sims had bid and we think the Department acted correctly in rejecting his bid. Moreover, his bid was not in conformity with the published invitation for bids which stated in part: "Minimum bid shall be One Dollar ($1.00) per acre per year and shall be submitted on forms available at the office of the Seafoods Division, Bayou La Batre, Alabama."

■ Several oystermen who were called as witnesses by complainant testified that the area covered by the Nelson lease was worth much more than $1.10 per acre. However, proof in this respect falls far short, in our opinion, of showing that the consideration expressed in the lease is so greatly inadequate as to shock the conscience or that the inadequacy of consideration amounts in itself to conclusive and decisive evidence of fraud. Finch v. State, 271 Ala. 499, 124 So.2d 825.

The invitation for bids which was carried in the press was to the effect that sealed bids on the leasing of "oyster bottoms" in certain defined areas of Mobile Bay within Baldwin County would be received by the Seafoods Division of the Department of Conservation at Bayou La Batre at a stated time.

News stories were carried in the Mobile papers to the effect that the Chief of the Seafoods Division had stated that the area open for lease included all waters of Mobile Bay in Baldwin County south of Point Clear except those areas reserved for State oyster reefs and seed oyster beds; that areas which would not be leased included Point Clear Reef, other named reefs and "a seed bed area west of Point Clear and other areas that are now producing oysters."

The complainant and several other oystermen testified that they did not bid on the area leased to Nelson for they did not consider it to be an "oyster bottom" but a part of Point Clear Reef.

The testimony of the respondents was to a contrary effect and a map which was

available to those persons interested in submitting bids shows that the area leased to Nelson was considered by the Conservation Department officials to be within the area which could be leased. Such maps were available at Seafoods Division offices at Bayou La Batre and at Gulf Shores.

The evidence was in conflict as to whether some of the area leased to Nelson produced oysters and as to whether other parts constituted seed oyster beds.

The Department of Conservation may have erroneously included in the area leased to Nelson "bottoms" which now produce a few commercial oysters and others on which seed oysters can be found.

Such a mistake could well be expected in view of the fact that the entire 640 acres is under water and it is certainly not unreasonable to assume that some oysters would be found in such a large area in waters where oysters are found and grow.

We have said that courts should not under the guise of existing judicial power usurp merely administrative functions by setting aside a lawful administrative order merely upon the court's conception as to whether the administrative power had been wisely exercised. Nelson v. Mobile Bay Seafood Union et al., 263 Ala. 195, 82 So.2d 181; Finch v. State, supra.

We have concluded after a careful consideration of the record before us that the evidence does not justify a finding that the lease to Nelson was executed as a result of fraud, corruption, or bad faith, the equivalent of fraud.

In view of the conclusion reached, we have given no consideration to the contentions made by appellants to the effect that the appellee, the complainant below, could not maintain the suit or that the action of the court below was erroneous for the reason that this is in fact a suit against the State, in violation of Section 14 of the State Constitution.

The decree granting the temporary injunction is reversed and one here rendered dissolving the injunction heretofore issued and the cause is remanded to the court below. See Pruett v. Las Vegas, Inc., 261 Ala. 557, 74 So.2d 807.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.