**ALABAMA, TENNESSEE AND NORTH-ERN RAILROAD COMPANY et al.,**
Plaintiffs,

v.

**UNITED STATES of America and Interstate Commerce Commission,**
Defendants.

Civ. A. No. 2747.

United States District Court
S. D. Alabama, S. D.

July 6, 1962.

R. Wray Henriott, Louisville, Ky., Martin A. Meyer, Jr., Washington, D. C., Donald M. Tolmie, Howard D. Koontz, Chicago, Ill., Leo H. Pou and John W. Adams, Jr., Mobile, Ala., for plaintiffs.

Richard A. Solomon, Attorney, Department of Justice, Washington, D. C., Vernol R. Jansen, Jr., U. S. Atty., Mobile, Ala., for the United States.

Robert W. Ginnane, General Counsel, Interstate Commerce Commission, Washington, D. C., Neil Garson, Attorney, Interstate Commerce Commission, Washington, D. C., for Interstate Commerce Commission.

John M. Cleary and John F. Donelan, Washington, D. C., Albert J. Tully, Mobile, Ala., for intervenors Hillsborough County Port Authority, the Greater Tampa Chamber of Commerce, the County of Hillsborough of State of Florida, and City of Tampa, Fla.

Louis A. Schwartz, New Orleans, La., for intervenor New Orleans Traffic and Transportation Bureau.

Nicholas S. Hare, Alabama State Docks Department, Mobile, Ala., for intervenor Mobile Port Traffic Bureau, Inc.

Before GEWIN, Circuit Judge, and THOMAS and JOHNSON, District Judges.

PER CURIAM.

This is a suit brought under the provisions of Title 28, Sections 2321–2325, inclusive, U.S.C., to set aside and annul a report and order of the Interstate Commerce Commission.

Motion for a temporary restraining order was granted on the 1st day of February 1962.

The action was heard by a statutory three-judge court under the provisions of Section 2325, on June 1, 1962, after which hearing the temporary restraining order remained in effect pending the decision of the court.

The scope of our review of the Commission's orders is extremely limited. The proposition is too well settled to require citation of authority that a court may not set aside the order of a fact-finding administrative body, acting within the field of its designated powers,

unless such order is illegal, capricious or unsupported by the evidence.

Upon consideration of the briefs and argument of counsel, and from a review of the whole record in this proceeding, the Court is of the opinion that the findings made by the Commission are amply supported by the evidence, that those findings are adequate to sustain the Commission's orders, and that the Commission acted within the scope of its authority and without unreasonable abuse of its discretion.

It is therefore considered, ordered, and adjudged by the Court that the temporary restraining order be and it hereby is terminated.

Further considered, ordered, and adjudged by the Court that the complaint be and the same hereby is dismissed. Costs are taxed against the plaintiffs, for which, unless presently paid, execution may issue.