328 So.2d 603

Max J. HASSON and Leon J. Hasson, d/b/a Eastbrook Delicatessen and Grill, Jointly and Individually

v.

The ALCOHOLIC BEVERAGE CONTROL BOARD of the State of Alabama et al.

Civ. 683.

Court of Civil Appeals of Alabama.

March 10, 1976.

Steagall & Adams, Ozark, for appellees.

Whitesell & Gordon, Montgomery, for appellants.

BRADLEY, Judge.

The ABC Board suspended the liquor license of Max J. Hasson and Leon J. Hasson, d/b/a Eastbrook Delicatessen and Grill for a period of thirty days for violating ABC Board Regulation No. 31, Section 4, i. e., Max Hasson had been found guilty by a court of competent jurisdiction of selling, making or taking a wager. Pursuant to statute, Max Hasson filed a petition in the Circuit Court of Montgomery County asking that a writ of certiorari be issued to review the Board's action in suspending his license. The writ was issued and the defendant answered. After a hearing, the trial court found that the action of the ABC Board in suspending the license in question was just and reasonable and was not arbitrary, capricious or ambiguous. This appeal resulted from that decision.

Regulation No. 31 (which has since been re-numbered Regulation 30) is as follows:

"SECTION 1. Where living quarters are maintained in the same structure in which an ABC licensed business is operated, such living quarters are and shall be considered a part of the licensed premises and shall be subject to full inspection and supervision by the ABC Board as in any other part of the licensed premises.

"SECTION 2. Such living quarters as above described shall not be deemed to be a home or private premises. All persons, firms, organizations, or corporations holding, continuing to hold, renewing or applying for an ABC license do by virtue of such holding, continuing to hold, renewing, or applying for such ABC license, consent and accept this interpretation of such premises as not being a home or private premises.

"SECTION 3. Establishments which hold ABC hotel or resort hotel liquor licenses are not intended to be included in the above two sections.

"SECTION 4. The ABC licensee shall be held responsible for and accountable to the ABC Board for all criminal conduct which occur on or suffered to occur on any part of the ABC licensed premises. Where the Board finds such criminal conduct to be allowed, caused, permitted, or suffered to occur by the licensee, such licensee's license shall be subject to suspension, revocation, or other disciplinary action by the Board.

"SECTION 5. Any ABC licensee found, on or off the licensed premises, possessing, transporting, selling, receiving, giving, or otherwise dealing with either alcoholic beverages not bearing proper State of Alabama tax-paid crowns, lids, decals, stamps, etc., or with unidentifiable alcoholic beverages, moonshine, shinny, etc., shall subject his ABC license to suspension, revocation, or other disciplinary action by the Board."

Licensee's principal argument is a constitutional attack on the validity of Section 4 of the regulation. In licensee's view, the first sentence of Section 4, quoted above, denies him due process of

law, is overbroad, void for vagueness, and sets forth no ascertainable standard of conduct in that it renders licensee an insurer of the conduct of other parties on his premises. The Florida decision, *State v. Baldwin,* 159 Fla. 165, 31 So.2d 627, is cited in support of this argument.

■ Licensee's argument is not suited to the facts of the case before us. The instant suspension results from licensee's own conduct. There is no question of culpability, as an insurer or otherwise, derivative from someone else's conduct. Thus, the only constitutional issue presented is whether Regulation 31 is capable of a constitutional application to these facts. We hold that it is. The operative portion of Section 4 is the second sentence. It is unequivocally stated there that disciplinary action can be invoked by the Board only against a licensee who caused or permitted the criminal conduct to occur. Such a regulation is well within the scope of the extensive police power a state possesses in the area of regulating alcoholic beverages, *Crowley v. Christensen,* 137 U.S. 86, 11 S.Ct. 13, 34 L.Ed. 620. Moreover, Regulation 31 is the reasonable result of a proper delegation of this police power to the ABC Board, *Cowan v. State,* 32 Ala. App. 161, 22 So.2d 917, cert. den. 247 Ala. 164, 22 So.2d 919; *Lovett v. State,* 30 Ala.App. 334, 6 So.2d 437, cert. den. 242 Ala. 356, 6 So.2d 441.

■ Petitioner also argues that Regulation 31 is applicable only to hotels and inns and cannot be the basis for suspending the liquor license of a restaurant owner. We do not believe that the scope of the regulation is so limited. No express provision appearing in the regulation suggests such an interpretation. In fact, Section 3 expressly excludes hotels and resort hotels from coverage under Sections 1 and 2. There are no similar exclusions or other mention of hotels in connection with Section 4. We therefore find no merit in licensee's argument.

There being no error below, the decision of the trial court is affirmed.

AFFIRMED.

WRIGHT, P. J., and HOLMES, J., concur.