PER CURIAM.
Blood Brothers, Inc., a night club operator, is a holder of a liquor license issued by the Alabama Alcoholic Beverage Control Board. In February, 1978, the Board revoked the license for violations of ABC Regulation No. 44. The club unsuccessfully petitioned the Circuit Court of Montgomery County for reinstatement of its license. The club now appeals to this court and we reverse.
The dispositive issue is whether ABC Regulation No. 44 is unconstitutionally vague. We find that it is and reverse.
The record pertinently reveals the following: In January of 1977, an ABC inspector observed the performance of a topless dancer in the club. An ABC citation was issued to the club stating topless dancing was vio-lative of Regulation No. 44.
In June of 1977, the Mobile County Sheriff’s Department raided the club and found six dancers performing with their breasts uncovered. The six dancers and one club operator were arrested and found guilty of indecent exposure.
*219 In a hearing before the Board, the Board found the club guilty of violating Regulation 44 on two counts, i. e., in January of allowing topless dancers, and in June for allowing indecent exposure.
As we noted above, the circuit court denied relief and the club appeals.
On appeal, the club contends that the subject matter of Regulation 44 is beyond the scope of the Board’s regulating authority. We disagree.
The regulation is as follows:
No licensee shall permit topless or bottomless dancers or performers or any other lewd or indecent conduct on the premises of such licensee. (Alabama ABC Board Regulation No. 44 (1971)).
In California v. LaRue, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972), the Supreme Court of the United States stated that such regulations are within the broad scope of the states’ police power under the twenty-first amendment to control intoxicating liquors. See Hasson v. ABC Board, 57 Ala.App. 349, 328 So.2d 603 (1976).
The Board next argues that the club has no “standing” to assert first and fourteenth amendment protection because such protection can only be invoked when state action deprives a person of a vested right. Rice v. Sioux City Memorial Park Cemetery, Inc., 349 U.S. 70, 75 S.Ct. 614, 99 L.Ed. 897 (1955). Since a license to sell liquor is a privilege only and not a vested right, the Board asserts that the club is not entitled to assert this protection.
We disagree.
The United States Supreme Court has held that state action, which infringes upon constitutionally protected interests, may not escape constitutional scrutiny merely on the basis that the state action deals principally with the regulation of a privilege. Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); Sherbert v. Verner, 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963); Speiser v. Randall, 357 U.S. 513, 78 S.Ct. 1332, 2 L.Ed.2d 1460 (1958).
The Board next contends that if the constitutionality of Regulation 44 is to be considered, it must be considered only as to its application to this defendant’s actions in this case and not as it might apply to hypothetical defendants in other situations. In essence, the Board contends that this defendant cannot raise the unconstitutionality of the regulation as it applies to others.
We agree that Regulation 44 is not unconstitutionally vague as applied to the club. The regulation clearly prohibits topless dancing and the record demonstrates that the club’s dancers were totally naked from the waist up. However, in cases of this nature, we find the club has standing to raise the vagueness issue because a party may assert the constitutionality of a regulation if that regulation is vague as it applies to others. See Young v. American Mini Theatres, Inc., 427 U.S. 50, 96 S.Ct. 2440, 49 L.Ed.2d 310 (1976).
In this court’s opinion, the phrase of the regulation, “any other lewd or indecent conduct,” is of doubtful constitutional validity. This is so because the language is so vague that the conduct it purports to regulate is essentially unlimited. See Grayned v. City of Rockford, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972); Jordan v. De George, 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886 (1951). If the language of a regulation is so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, then it will not muster constitutional validity. Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); Connally v. General Const. Co., 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926); Opinion of the Justices, 249 Ala. 88, 30 So.2d 14 (1947). We find Regulation 44 clearly does not meet this test.
Furthermore, to this court, it is not clear to whom the phrase, “lewd or indecent conduct,” is intended to apply. Specifically, it is questionable whether the phrase applies to only employees or whether it applies to licensees and/or invitees, etc. We therefore hold that the regulation’s lack of clarity renders it constitutionally invalid for this reason.
*220 In view of the above, we find the regulation impermissibly vague and the case is due to be reversed for entry of a judgment not inconsistent with this opinion.
REVERSED AND REMANDED FOR ENTRY OF JUDGMENT NOT INCONSISTENT WITH THIS OPINION.
WRIGHT, P. J., and HOLMES, J., concur.
BRADLEY, J., concurs in the result.