Appellant, Little Caesar's, Inc., the operator of a lounge located on the premises of Little Caesar's restaurant, is the holder of club liquor license number 1527 issued by the Alabama Alcoholic Beverage Control Board. In March 1978 the Board revoked the license for violations of ABC Regulation Numbers 44 and 30, Section (4). Licensee unsuccessfully petitioned the Circuit Court of Montgomery County for reinstatement of its license, and now appeals to this court.
We note at the outset that judicial review of administrative acts and decisions is limited in scope, and ordinarily the courts will only pass on the questions of whether the administrative agency has acted within its constitutional or statutory powers, whether its order or determination is supported by substantial evidence, and whether its action is reasonable and not arbitrary.See generally, 73 C.J.S. Public Administrative Bodies andProcedure § 202 et seq. (1951).
A court may not set aside an order of a fact-finding administrative body, acting within the field of its designated powers, unless such order is illegal, capricious, or unsupported by evidence. Id.; Alabama, T. N.R. Co. v. United States,207 F. Supp. 638 (S.D.Ala. 1962). We review this case with the foregoing principles in mind.
ABC Regulation No. 44 reads as follows:
 No licensee shall permit topless or bottonless [sic] dancers or performers or any other lewd or indecent conduct on the premises of such licensee.
Licensee was found guilty of violating this regulation based on a finding that it had "allowed indecent exposure by waitresses."
In a case recently before this court, Blood Brothers, Inc. v.Alabama Alcoholic Beverage Control Board, 386 So.2d 218
(Ala.Civ.App. 1979) petition for cert. granted 386 So.2d 220
(Ala. 1979), we held that ABC Regulation No. 44 is unconstitutional because its language is so vague that the conduct it purports to regulate is essentially unlimited, and because men of common intelligence must necessarily guess at its meaning and differ as to its application.
We adhere to the position set forth in Blood Brothers, supra, and conclude that as a matter of law the revocation of Little Caesar's club license may not be based upon a finding of guilt under ABC Regulation No. 44. Accordingly, the balance of our review in this case is concerned only with those issues relating to ABC Regulation No. 30, Section 4.
ABC Regulation No. 30, Section 4 reads:
 The ABC licensee shall be held responsible for and accountable to the ABC Board for all criminal conduct which occur on or suffered to occur on any part of the ABC licensed premises. Where the Board finds such criminal conduct to be allowed, caused, permitted, or suffered to occur by the licensee, such licensee's license shall be subject to suspension, revocation, or other disciplinary action by the Board.
Licensee was found guilty of violating this regulation based on a finding that it had allowed criminal conduct to occur on the licensed premises; to wit, walking around with drinks, prostitution (on July 19, 20, and 21, 1977), and selling beer without Mobile County Revenue Stamps.
In connection with the charges brought under Regulation 30, Section 4, licensee makes the following arguments on appeal: (1) there was no direct evidence regarding prostitution presented to the Board sufficient to base a finding of guilt on that charge; (2) the so-called crime of "walking around with a drink" does not exist as a matter of law; and, (3) licensee should not be subjected to any further punitive action for the charge of selling beer without Mobile County stamps, because it had previously paid a fine of $25 to the City of Mobile for that offense.
Licensee argues on appeal that the ABC Board's findings regarding the alleged occurrences of prostitution were based on hearsay evidence presented to the Board *Page 226 
and not upon substantial legal evidence. Licensee cites us toEdmondson v. Tuscaloosa County, 48 Ala. App. 372, 265 So.2d 154
(1972), wherein this court said:
 The order of an administrative board is not to be vacated because of receipt of evidence, not admissible under general rules of evidence, so long as there is sufficient legal evidence to sustain the order. However, such illegal evidence will not be considered by the reviewing court in determining if there was "substantial evidence" to support the order of the Board. North Alabama Motor Express v. Rookis, 244 Ala. 137, 12 So.2d 183.
In Edmondson we concluded that the circuit court improperly considered hearsay evidence in reviewing the administrative board's order.
On the other hand, the Board cites Barnes v. State, 274 Ala. 705, 151 So.2d 619 (1963), as authority for the proposition that administrative boards are not bound by strict rules of evidence and that allegations made in an administrative hearing may be proved by probative evidence which might be inadmissible in a court of law. The Barnes opinion goes on to say that the administrative body could properly consider hearsay evidence in arriving at its decision.
However, in several cases which postdate the Barnes opinion,supra, our supreme court has stated that when proceedings of an inferior tribunal are reviewed on common-law writ of certiorari, the order of the inferior tribunal should be sustained if there is any substantial or legal evidence to support the order. Seee.g., Alabama Electric Cooperative v. Alabama Power Co., 278 Ala. 123, 176 So.2d 483 (1964); Lovelady v. Lovelady, 281 Ala. 642,206 So.2d 886 (1968). Other cases predating Barnes, supra, are to like effect. See e.g., Ex parte Wells, 267 Ala. 444,103 So.2d 328 (1958) (reviewing court must look to see if there is substantial evidence to support the judgment).
"Substantial evidence" means legal evidence. Eagle Motor Lines,Inc. v. Alabama Public Service Commission, Ala., 343 So.2d 767
(1977).
This court is bound to follow the later of two pronouncements by the supreme court. Code of Alabama 1975, § 12-3-16; Moran v.State, 34 Ala. App. 238, 39 So.2d 419 (1949); Ex parte Berry,288 Ala. 731, 259 So.2d 276 (1972). Accordingly, insofar as theBarnes case conflicts with more recent cases cited above, this court adheres to the principles set forth in the latter which indicate that review of the Board's order on a common-law writ of certiorari should be for the purpose of ascertaining whether that order is supported by substantial or legal evidence. We find the principles stated in Edmondson, supra, applicable to the case at bar.
The testimony regarding the alleged occurrences of criminal activity on the licensed premises on July 19, 20 and 21, 1977 was given by several officers of the Mobile Police Department and Mobile County Sheriff's Department who had undertaken surveillance of the licensed premises during 1977. Excluding the inadmissible hearsay and double hearsay, their testimony concerning the charges of prostitution was essentially as follows. On July 19, 1977 police Sgt. Calhoun observed a white male leave the lounge accompanied by a white female who was an employee of the lounge. Sergeant Calhoun followed the pair to a nearby motel where the pair entered a room and emerged a short time later. The pair returned to the lounge where the female employee was let out.
On July 20, 1977 Officer Thomas, while in the lounge, observed a white female employee of the lounge approach a white male at the back of the lounge. The pair conversed, then the male handed the female some money. The female summoned a second female employee who took the money towards the office of the club, and shortly thereafter returned to the pair; whereupon the pair left the club together.
The owner of the club, Mr. Victor J. Vitiello, testified that the former manager of the lounge, Buddy Boykin, was "alright except that he ran prostitution." Mr. Vitiello further stated that when he found out this later, he fired Boykin. *Page 227 
The parties to this appeal agree in brief that there is no state law prohibiting acts of prostitution by females over the age of eighteen years. See Code of Alabama 1975, § 13-7-1, which concerns the employment, procurement, etc. of girls over ten and under eighteen years of age for the purpose of prostitution. However, the Board contends that these alleged incidences of prostitution violate an ordinance of the Mobile City Code, Section 41-13.1, which reads:
 It shall be unlawful and an offense against the City of Mobile for any person to engage in an act of prostitution. An act of prostitution shall be deemed complete when a person engages or agrees or offers to engage in sexual conduct with another person in return for a fee.
We think the legal evidence set forth above is sufficient under our standard of review to support the Board's finding of guilt of a violation of Regulation No. 30, Section 4. This court will not presume to substitute its own judgment for that of the Board in regard to the finding of the occurrences of prostitution.
Licensee next argues that the statute, Code of Alabama 1940, Tit. 29, § 44 (currently codified at Code of Alabama 1975, §28-3-160), does not make criminal the act of "walking around with a drink in hand." That statute reads:
 All such beverages must be sold or served to consumers or persons seated at tables. It is the intent and purpose of this chapter that no so-called open saloon be operated within this state. The alcoholic beverage control board shall have authority to promulgate rules and regulations for the carrying out of this chapter. Any person who violates any of the provisions of this chapter or any rule or regulation promulgated in conformity with this chapter shall be guilty of a misdemeanor and upon conviction, shall be fined not more than five hundred dollars for each offense, and in addition may be imprisoned in the county jail for a period not to exceed six months.
There is no indication of record that the ABC Board had promulgated any regulation for carrying out the mandate of this statute, nor for the purpose of defining the phrase "open saloon."
A penal statute, such as Tit. 29, § 44, must be strictly construed and may not be extended by construction. State v.Ballard, Ala.Cr.App., 341 So.2d 957 (1976), writ quashed, Ala.,341 So.2d 962 (1977). The statute, strictly construed, requires only that patrons of licensed premises be seated at tables when the beverages are sold or served. "Walking around with a drink in hand" is not specifically prohibited. Nor can it be reasonably inferred from the statute's stated purpose that the law attempts to prohibit such conduct. See Words Phrases, Vol. 29A, p. 386, and cases cited therein, apparently defining "open saloon" as any place where alcoholic beverages are sold by the drink for human consumption on the premises where sold. Thus, in the absence of administrative interpretation or more specific legislative mandate, we agree with licensee that "walking around with a drink in hand" is not a crime in this state; and a revocation of a license based on a finding of guilt on that charge is without legal foundation.
Regarding the charge of selling beer without Mobile County stamps, licensee admits that such a violation occurred but argues that no further punitive action should be taken against it for that offense since licensee has already paid a $25 fine to the City of Mobile for the offense. In view of licensee's own admission of guilt to this charge and its plea of guilty submitted at the Board's hearing, we find no error in the Board's finding of guilt as to this violation.
In summary, we conclude that the evidence supports the Board's findings of guilt as to the charge of allowing prostitution to occur on the licensed premises and as to the charge of selling beer without Mobile County stamps. For the reasons herein set forth, we further conclude that the revocation of appellant's license may not be based on a finding of guilt under ABC Regulation No. 44, nor upon a finding of guilt on the charge of allowing the "crime" of "walking around with drinks." *Page 228 
In view of our conclusions, we reverse this case and remand it to the circuit court with instructions for that court to further remand the case to the ABC Board for a reconsideration in light of this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P.J., and HOLMES, J., concur.