386 So.2d 228 (1980)
Ex parte LITTLE CAESAR'S, INC.
In re LITTLE CAESAR'S, INC.
v.
ALABAMA ALCOHOLIC BEVERAGE CONTROL BOARD et al.
78-840.
Supreme Court of Alabama.
May 9, 1980.
Rehearing Denied June 6, 1980.
*229 John D. Cates, Jr., Montgomery, for petitioner.
Charles A. Graddick, Atty. Gen., and Jimmy L. DeBardelaben, Asst. Atty. Gen., for respondents.
PER CURIAM.
We granted the petition in this case to consider the question of whether the ABC Board can take "judicial" notice of the ordinances of municipalities.
ABC Regulation No. 30, Section 4, is set out in the opinion of the Court of Civil Appeals and is as follows:
The ABC licensee shall be held responsible for and accountable to the ABC Board for all criminal conduct which occur[s] on or [is] suffered to occur on any part of the ABC licensed premises. Where the Board finds such criminal conduct to be allowed, caused, permitted, or suffered to occur by the licensee, such licensee's license shall be subject to suspension, revocation, or other disciplinary action by the Board.
The ABC Board found a violation of this regulation "by allowing criminal conduct to occur on the licensed premises; to wit, walking around with drinks, prostitution (on July 19, 20, and 21, 1977), and selling beer without Mobile County Revenue Stamps." The Court of Civil Appeals upheld the Board's finding on the prostitution charge, but reversed the Board on the other two findings of criminal conduct. We affirm.
The petitioner contends that, because the ordinance of the City of Mobile defining prostitution was not introduced at the proceedings before the Board, there was no evidence to show that prostitution occurred on the premises of the licensee. It is the petitioner's contention that the introduction of this ordinance is necessary to uphold the Board's findings. We disagree. The legislature has conferred broad powers on the ABC Board in the regulation of liquor in this state; it has conferred the power to promulgate rules and regulations and to suspend or revoke liquor licenses upon a showing that the licensee has violated "any of the laws of this state" relating to traffic in liquor. We think this power is sufficiently broad to allow the Board to take judicial notice of the municipal ordinances of "wet" cities. The Mobile City ordinance, Section 41-13.1 provides:
It shall be unlawful and an offense against the City of Mobile for any person to engage in an act of prostitution. An act of prostitution shall be deemed complete when a person engages or agrees or offers to engage in sexual conduct with another person in return for a fee.
The record establishes beyond any doubt that conduct falling within this definition took place on the premises of the licensee.
The decision of the Court of Civil Appeals affirming the action of the Board based upon a violation of Regulation No. 30, Section 4, is affirmed. Its decision holding Regulation No. 44 unconstitutional is reversed. See Blood Brothers, Inc. v. Alabama Alcoholic Beverage Control Board, 386 So.2d 220 [Ala., 1980], released this date.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C. J., and MADDOX, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
FAULKNER, J., dissents.
BLOODWORTH, J., not sitting.
FAULKNER, Justice (specially concurring in part and dissenting in part):
I feel like the lady appearing before a judge attempting to have her paramour pay child support. She told the judge (when the paramour denied her charge), "Your Honor, I have had other lovers, but believe me, *230 your Honor, this child is mostly his." So, here, I "mostly" dissent.
The majority opinion holds that the ABC Board may revoke a club owner's liquor license because (1) suspicious acts between a man and a woman constitute prostitution; (2) walking around with a drink in one's hand is a crime; (3) Regulation 44 regarding topless or bottomless dancers is constitutional, and (4) selling beer without the stamps is illegal.
Of course, I concur that a licensee can have his liquor license revoked for selling beer without the required tax stamps. But, I dissent as to statements 1, 2 and 3.
The evidence of prostitution as set out in the Court of Civil Appeals' decision is this:
On July 19, 1977 police Sgt. Calhoun observed a white male leave the lounge accompanied by a white female who was an employee of the lounge. Sergeant Calhoun followed the pair to a nearby motel where the pair entered a room and emerged a short time later. The pair returned to the lounge where the female employee was let out.
On July 20, 1977 Officer Thomas, while in the lounge, observed a white female employee of the lounge approach a white male at the back of the lounge. The pair conversed, then the male handed the female some money. The female summoned a second female employee who took the money towards the office of the club, and shortly thereafter returned to the pair; whereupon the pair left the club together.
The owner of the club, Mr. Victor J. Vitiello, testified that the former manager of the lounge, Buddy Boykin, was "alright except that he ran prostitution." Mr. Vitiello further stated that when he found out this later, he fired Boykin.
The Court of Civil Appeals and now the majority of this Court have held that the evidence was sufficient to warrant the finding of a violation of Mobile's City Code reading as follows:
It shall be unlawful and an offense against the City of Mobile for any person to engage in an act of prostitution. An act of prostitution shall be deemed complete when a person engages or agrees or offers to engage in sexual conduct with another person in return for a fee. [Emphasis added.]
Sergeant Calhoun does not say that he saw any money pass between the man and woman. All he saw was that the couple entered a motel room and came out a short time later. Suspicious? Yes. But, where is the evidence that sexual conduct was entered into for a fee? And, where is the evidence that the woman agreed to engage in sexual conduct? The answers to these questions are, there is no evidence. Next, Officer Thomas saw a man hand a woman employee some money. A second woman took the money to the club office and returned to the couple. The man and woman left the club together. This is more flimsy than Calhoun's evidence. Vitiello's evidence was pure hearsay.
While I do not condone prostitution, in the spirit of what is right, or wrong, I cannot bring myself to sanction the administration of law in this fashion.
I have already given my views on Regulation 44 in my dissent in Blood Brothers, Inc. v. Alabama Alcoholic Beverage Control Board [Ala., May 9, 1980], 386 So.2d 220 (1980).
Finally, if "walking around with a drink in your hand" is a crime, then every patron of a club, bar or any other place that sells alcoholic beverages, at one time or another commits a "crime." To hold that conduct to be a crime is utterly ridiculous.