PER CURIAM.
We granted certiorari in this case to review the Court of Civil Appeals’ ruling that Regulation No. 44 of the Alabama Alcoholic Beverage Control Board Rules and Regulations is unconstitutionally vague. For the reasons discussed herein, we reverse.
The facts of the case are sufficiently outlined in the opinion of the Court of Civil Appeals and the dissenting opinion of Justice Faulkner. In essence, the Court rejected Blood Brothers’ contention that the ABC Board could not lawfully regulate the type of conduct proscribed by Regulation No. 44 because it is protected by the First Amend *221 ment to the United States Constitution. However, it agreed with Blood Brothers that that portion of the regulation which prohibits “any other lewd or indecent conduct” is void for vagueness. In order to so hold, the Court accepted Blood Brothers’ contention that it had standing to raise the issue of the regulation’s constitutionality even though it was not unconstitutional as applied to Blood Brothers. We disagree.
The opinion relies on federal cases which establish the principle that a party may attack the constitutionality of a regulation if that regulation is vague as applied to others. See, for example, Young v. American Mini Theatres, Inc., 427 U.S. 50, 96 S.Ct. 2440, 49 L.Ed.2d 310 (1976). This rule, however, is an exception to general standing principles and is applied, as in the cases relied upon by the Court of Civil Appeals, where the challenged regulation is aimed at or infringes upon First Amendment rights. The exception is permitted because application of an unconstitutionally vague statute, even to permissibly prohibited conduct, may have a chilling effect upon the legitimate exercise of First Amendment rights.
As the United States Supreme Court stated in Young:
This exception from traditional rules of standing to raise constitutional issues has reflected the Court’s judgment that the very existence of some statutes may cause persons not before the Court to refrain from engaging in constitutionally protected speech or expression. [427 U.S. at 60, 96 S.Ct. at 2447]
To apply this rule in the current context is inconsistent with that part of the opinion below which holds that the ABC Board can pass regulations prohibiting lewd or indecent conduct on the premises of a holder of a liquor license. Although such a regulation might otherwise be suspect as a possible infringement on rights protected by the First Amendment, the Supreme Court of the United States has held, as the Court of Civil Appeals points out, that regulations of this sort are within the broad scope of the states’ police power under the Twenty-First Amendment to control intoxicating liquors. California v. LaRue, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972). See also Hasson v. ABC Board, 57 Ala.App. 349, 328 So.2d 603 (1976). Thus, the Court of Civil Appeals’ reliance on cases discussing standing in the First Amendment context are inapposite; the First Amendment is not called into play in this situation. Because Regulation No. 44 is not unconstitutionally vague as applied to respondent, we hold that Blood Brothers does not have standing to challenge its constitutionality as applied to other, hypothetical parties.
The decision of the Court of Civil Appeals is reversed, and the case is remanded.
REVERSED AND REMANDED.
TORBERT, C. J., and MADDOX, JONES, ALMON, SHORES and EMBRY, JJ., concur.
FAULKNER and BEATTY, JJ., dissent.
BLOODWORTH, J., not sitting.