BRADLEY, Judge.
Arnold Parsons, a licensed engineer and land surveyor, was charged with and convicted of violating section 34-11-11, Code 1975, and several canons of ethics adopted by the Board of Registration for Professional Engineers and Land Surveyors. His license was suspended for four years. He appealed to the Circuit Court of Montgomery County for a review of the suspension of his license.
*297 The circuit court held a hearing and found that the board had not acted unlawfully or arbitrarily or in such manner as to deprive Parsons of due process of law, and sustained the suspension of Parsons’s license. Parsons appealed to this court.
The court of civil appeals reversed the circuit court’s order holding that the trial court’s order limiting the evidence to whether the board acted arbitrarily, unlawfully, or in a manner to deny due process was too limited and did not comport with the statutory requirement of a “full hearing.” See § 34-11-13, Code 1975.
On remand the circuit court held a hearing in compliance with this court’s mandate. The evidence adduced at that hearing prompted the circuit court to remand the proceeding to the board for the receipt of new or additional evidence concerning potentially mitigating circumstances surrounding Parsons’s unethical conduct.
The Board conducted a hearing at which it accepted all proferred evidence and found that “no mitigating circumstances” had been shown.
Parsons then appealed to the circuit court for a hearing. After a hearing the circuit court sustained the board’s suspension of Parsons’s license for four years. Parsons appeals that judgment to this court.
The dispositive issue here is whether the evidence supports the circuit court’s judgment sustaining the board’s order.
We said in the first Parsons decision, i.e. Parsons v. State Board of Registration for Professional Engineers & Land Surveyors, 416 So.2d 1031 (Ala.Civ.App.1982), that in order for a licensee to receive a “full hearing,” he must be permitted to present all “relevant” evidence, including that presented to the board if it be offered. Moreover, the general rule provides that judicial review of administrative decisions is limited in scope and, ordinarily, will pass only on question of agency powers, whether the order is supported by substantial evidence, and whether its action is arbitrary or unreasonable. Little Caesar’s, Inc. v. Alabama Alcoholic Beverage Control Board, 386 So.2d 224 (Ala.Civ.App. 1979), affd in part, rev’d in part, Ex parte Little Caesar’s, Inc., 386 So.2d 228 (Ala.1980), rev’d in part, Ex parte Alabama Alcoholic Beverage Control Board, 386 So.2d 228 (Ala.), on remand, 386 So.2d 231 (Ala.Civ.App.1980).
We find that the board's order suspending Parsons’s license and the circuit court’s judgment sustaining that order is supported by substantial relevant evidence.
The evidence shows without dispute that Parsons participated in a kickback scheme to retain and continue in effect the engineering contract his company, i.e. Polyengi-neering, Inc., had with the city of Saraland, Alabama. This is a violation of Canon IV A and Canon V A(5) of the Rules of Professional Engineers and Land Surveyors.
At the first board hearing, Mr. Parsons testified that his reason for making payments to the city officials was a fear that his company would not be paid for the work being done under its contract and that his company would not be allowed to continue to work for the city. After remand and oh the second hearing before the Board, Parsons now says that he was physically afraid of what might happen to his family or himself if he did not continue to make the payoffs to the Saraland officials.
Parsons very candidly stated that he had received no direct physical threats from anyone, but he did say that he had read about two murders in the Saraland area (these two people had no connection with the city of Saraland), and that the city official he made the payoffs to was sitting outside the hearing room at the first board hearing. The evidence shows that this city official was under subpoena to testify at the hearing.
A psychologist testified at the second hearing before the board that Parsons was susceptible to pressure from others and would passively accede to the kickback scheme rather than refuse the request for payoffs and assert that it was illegal to *298 participate in such activity. The psychologist did testify, however, that this psychological fault would not prevent Parsons from doing his work. Moreover, Parsons had not sought psychological counseling for his problem.
The bulk of the evidence presented to the board at the second hearing was concerned with mitigating the suspension of Parsons’s license.
It should be noted that although Parsons now says that he was physically, as well as economically, afraid to stop making the payoffs, during that entire time he did not call on any law enforcement agency for help.
After a careful examination of the record in this case, we cannot say that the circuit court’s judgment is not supported by substantial, relevant evidence. We, therefore, affirm that judgment.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.