This case concerns the suspension or revocation of the license of a licensed practical nurse (LPN).
The proceedings were instituted in the Alabama Board of Nursing (board) before the effective date of the Alabama Administrative Procedure Act, § 41-22-27 (e), Code 1975.
The evidence was heard by a hearing officer whose findings of fact and conclusions of law, except for his recommendation, were adopted verbatim by the board. The hearing officer's recommendation was that Mrs. Herrick's license as an LPN be suspended for a period of ninety days. The board ordered that her license be revoked. On appeal, the circuit court adopted the findings of fact of the hearing officer and reversed the order of the board, thereby substituting the hearing officer's recommendation of a ninety-day suspension of her license. The board appealed.
In Southern Haulers, Inc. v. Alabama Public ServiceCommission, 331 So.2d 660 (Ala. 1976), a hearing examiner of the agency heard all of the evidence which was presented upon an application for the issuance of a certificate of public convenience and necessity. The examiner's report contained a summary of facts which was adopted by the commission. While the examiner recommended that the application be denied, the commission declined to follow that recommendation and the commission granted a certificate which was effective in six of the eighteen counties sought to be served. In affirming the determination of the commission, the supreme court stated as follows:
 "Upon review, a presumption of correctness is ordinarily to be accorded to an order of the APSC. Alabama Power Co. v. APSC, 278 Ala. 597, 179 So.2d 725 (1965) (construing Tit. 48, § 82, Code of Alabama of 1940). However, where the evidence has been heard ore tenus by a hearing examiner and not by the commission members themselves, the presumption of correctness normally accorded to the commission's order will instead be accorded to the examiner's findings of fact. APSC v. Perkins, 275 Ala. 1, 151 So.2d 627 (1962).
". . . .
 "However, here the APSC adopted the summary of facts set out in the hearing examiner's report. That summary of facts carries with it the presumption of correctness which is properly to be accorded to the conclusions of one who heard the evidence ore tenus.
". . . .
 "Admittedly, there is evidence supporting the examiner's legal conclusions leading to his recommendation that the certificate be denied. However, although the ore tenus rule mandates that a presumption of correctness be accorded a hearing examiner's findings of fact when he alone has heard the evidence, the ore tenus rule does not also mandate a presumption of correctness in favor of the examiner's conclusions of law. Furthermore, we are not aware of any instance in which this Court has accorded such a presumption to the examiner's legal conclusions."
331 So.2d at 663 and 664. While that case involved another administrative agency where the examiner's powers are generally defined by statute, we deem that language to be peculiarly applicable also to the present appeal regarding the effect of the hearing officer's recommendation. Accordingly, the recommendation of the hearing officer as to the suspension of Mrs. Herrick's *Page 1043 
license for ninety days is not favored with a presumption of correctness.
We find that the order of the board was reasonable and it was not arbitrary. It was reasonably supported by the testimony contained in the lengthy record which we have read. It is also reasonably supported by those facts detailed in the hearing officer's report which are also included in the order of the board. There was substantial credible evidence that Mrs. Herrick was intoxicated on two occasions while on duty as an LPN in the emergency room of the Air Force hospital where she was employed.
The board, not the hearing officer, has the authority to revoke or suspend any license issued by it upon proof that the licensee was guilty of unprofessional conduct of a nature likely to injure the public in matters pertaining to health. Ala. Code § 34-21-25 (1975). The board was the agency which was authorized by the legislature to suspend or to revoke licenses on that ground and it was a matter within the discretion of the board to determine whether Mrs. Herrick's license should have been suspended or whether it should have been revoked under the facts as adopted by the board. They had authority to revoke and did not exceed that authority.
However, able and sincere counsel for Mrs. Herrick contends that the hearing officer's factual findings and, consequently, the board's findings were wrong, unjust, and fatally tainted because of errors made by the hearing officer in the admission of evidence, largely in allowing some witnesses to give their opinion, over Mrs. Herrick's objection, that Mrs. Herrick was intoxicated on the two occasions. In any nonjury hearing or trial, an error in the admission of evidence does not authorize a reversal if the decision, order, report or judgment is sustained by other legal evidence. Newman Brothers, Inc. v.McDowell, 354 So.2d 1138 (Ala.Civ.App.), cert. denied,354 So.2d 1142 (Ala. 1978). The order of an administrative board cannot be reversed because evidence was received which was not admissible under general rules of evidence if the order is sustained by other legal evidence; however, the illegal evidence cannot be considered on appeal in determining if there was substantial evidence, that is legal evidence, to support the board's order. Little Caesar's Inc. v. Alabama AlcoholicBeverage Control Board, 386 So.2d 224 (Ala.Civ.App. 1979),rev'd on other grounds, 386 So.2d 228 (Ala. 1980).
Even if we assume that some of the witnesses' opinions, which were objected to, were improperly admitted into evidence, a review of the entire evidence reveals that substantial legal evidence would still remain in the case which upholds and supports the overall factual conclusions upon which her license was revoked.
We are limited in the scope of our review of appealable administrative orders for, ordinarily, courts will only pass upon three issues in such appeals: whether the agency acted within its powers conferred upon it by law and the constitution, whether its decision is supported by substantial evidence, and whether the agency's decision is reasonable and not arbitrary. Little Caesar's Inc. v. Alabama AlcoholicBeverage Control Board, supra. We have determined each of those matters favorably to the board's decision. Therefore, the learned circuit court erroneously substituted its opinion for that of the board. The circuit court, without an appeal denovo, in reviewing the action of an administrative agency does not pass upon the wisdom of the decision of the agency nor is it within the purview of courts to pass upon the merits of a particular action of an administrative agency when the agency exercised its discretion in choosing the method of achieving legislative objectives. Nelson Robbins v. Mund, 273 Ala. 91,134 So.2d 749 (1961).
The judgment of the trial court is reversed and this cause is remanded to the circuit court where a judgment shall be entered by that court which shall affirm the order of the Alabama Board of Nursing of July 28, 1983, in this matter. *Page 1044 
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.