This case involves the 1982 dismissal of Mr. Coleman (employee) from his employment as a state liquor store cashier with the Alabama Alcoholic Beverage Control Board (ABC). Upon the appeal of the employee to the State Personnel Board (Board), the parties consented or stipulated that the appeal be heard by the Board's hearing officer who, after an ore tenus evidentiary hearing, summarized his findings as follows:
 "The letter of dismissal to this employee states the following reason for the employee's termination: `Your having been observed short-changing customers on at least three occasions on April 22, 1982,' (Employee's No. 9). The charge against the employee, short-changing customers, was proved by the Agency. In fact, the employee did not dispute that on the date in question he had short-changed a customer who discovered the inaccurate change and returned for her correct change. Short-changing customers is sufficient `cause' for dismissal pursuant to Rule XII. It is the conclusion of the hearing officer that the termination of this employee by the Agency was sustained by the evidence and was warranted."
The full report of the hearing officer was submitted to the Board for its consideration. The Board heard oral argument, reviewed the other information before it, adopted the findings and recommendation of the hearing officer as its own, found that the charges against the employee warranted his dismissal and ordered that his dismissal be sustained. Certiorari was sought by the employee in the circuit court. He appeals from that court's order, which upheld and affirmed his dimissal, and he now contends that substantial evidence did not support the Board's order. We disagree and affirm.
After a review of the entire 481-page record on appeal, we briefly summarize some of the legal evidence which was taken before the hearing officer and which is supportive of the actions of ABC, of the findings of the hearing officer and of the decision of the Board.
As a result of customer complaints of being short-changed while making purchases at ABC store number 29 in Huntsville, the assistant administrator of ABC sent Mr. Crawford (the agent) to that store to commence an undercover investigation. On April 22, 1982, the agent was posing as a clerk and, as such, was bagging bottles after the price thereof had been rung up on a cash register by the employee. The agent was working directly behind the employee. The agent testified that, between 11:00 and 11:20 o'clock on that morning, he closely observed transactions where seven different customers were shortchanged by *Page 1160 
the employee. In those instances, he saw the amount rung up on the cash register by the employee, the amount of money paid to the employee by the customer and the change given back to the customer by the employee and he could tell that those seven customers were shortchanged by the employee. After reaching the entrance to the store, or even going so far as to their vehicles in the parking lot, four of the seven customers returned and confronted the employee about being shortchanged by him. None of those four customers stated to the employee the amount that they had been shorted, but, upon being confronted by them, the employee in each instance, immediately removed the exact money from the cash register and gave it to the customer without question and without verification of the amount due to the customer. The other three customers placed the original change which was given to them by the employee in their pockets without checking it, left and did not return to confront the employee.
The agent was of the opinion that the store employees had discovered that he was an undercover agent by 1:00 o'clock on the same day. Thereafter, the agent observed the employee call a customer to him when he gave to the customer $1.20 from the cash register with the explanation that he had shortchanged the customer upon a purchase which had been made on the previous Friday.
In the circuit court, as well as in this court, the review of the sufficiency of the evidence to uphold the discharge of the employee is limited in certiorari proceedings to a determination of whether the employee's discharge was supported by any substantial evidence.[1] Sanders v. Broadwater,402 So.2d 1035 (Ala.Civ.App. 1981). Of course, that substantial evidence must also be legal evidence. Little Caesar's, Inc. v. AlabamaAlcoholic Beverage Control Board, 386 So.2d 224 (Ala.Civ.App. 1979), rev'd on other grounds, 386 So.2d 228 (Ala. 1980). The hearing officer's finding of facts is presumed to be correct.Alabama Board of Nursing v. Herrick, 454 So.2d 1041
(Ala.Civ.App. 1984).
There is no issue raised in this case as to the legality of the evidence, the question being the sufficiency thereof. The employee especially argues by able counsel that his errors in making change without a finding of intentional wrongdoing do not substantiate the charge against him. Within a twenty-minute period four customers complained to the employee that he had shortchanged them, and the employee immediately removed the exact money from the cash register and refunded it to each customer without even being informed by the customer as to the amount of the shortage. From that evidence, it can be reasonably inferred that the employee intentionally shortchanged those four customers. Further, since there was substantial evidence, that, as a cashier, the employee shortchanged seven customers within a twenty-minute period, that constituted sufficient cause for his dismissal. The determination of the weight and credibility of the evidence, and reasonable inferences to be drawn therefrom, was for the administrative body, the hearing officer in this instance. Exparte Morris, 263 Ala. 664, 83 So.2d 717 (1955). It was within the province of the hearing officer and the Board to properly conclude that the charge against the employee was sufficiently supported by substantial and legal evidence. Substantial testimony warranted the discharge of the employee for shortchanging customers. *Page 1161 
This case is due to be affirmed.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.
[1] Since this case was commenced prior to October 1, 1983, the Alabama Administrative Procedure Act has no application. §41-22-27 (e), Code of Alabama 1975. In a case where that act does apply, an appeal may be taken to the circuit court and it is provided in substance that, whether adequacy of the evidence is raised and no statutory standards for judicial review are applicable to the agency involved, the rule of review shall be that the agency order shall be taken as prima facie just and reasonable but that the circuit court (or reviewing appellate court) may reissue or modify if substantial rights of the petitioner have been prejudiced because the agency action was "clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. . . ." § 41-22-20
(k)(6), Code 1975.