THIGPEN, Judge.
This case involves the revocation of the license of a registered nurse. Proceedings were instituted against Marsha Henley by the Alabama Board of Nursing (board) in accordance with the Alabama Administrative Procedure Act (AAPA). Specifically, the board filed a complaint against Henley alleging that she had violated Ala.Code 1975, § 34-21-25 and § 610-X-8-.05(c)(d)(e) of the Alabama Board of Nursing Administrative Code. These provisions allow the revocation of a nursing license if the licensee is unfit or incompetent due to the use of alcohol, or is addicted to the use of habit-forming drugs to such an extent as to render the licensee unsafe or unreliable; is mentally incompetent; or, is guilty of unprofessional conduct of a character likely to deceive, defraud, or injure the public in matters pertaining to health.
This complaint was filed after Henley was subjected to a series of arrests beginning in November 1986. Henley was arrested and charged with disorderly conduct and public intoxication. One of the arrests resulted in a conviction whereupon Henley was placed on probation; however, during her probation period, Henley was arrested again, and subsequently, the Probate Court of Escambia County committed Henley to the Department of Mental Health and Mental Retardation for treatment. Henley spent several months as an inpatient, and was subsequently released on anti-depressant medication under the direction of Dr. Pine, a psychiatrist.
Evidence of the allegations in the board’s complaint was received by a hearing officer who recommended the revocation of Henley’s license. The hearing officer’s findings of fact and conclusions of law were adopted by the board, and Henley’s license was revoked. That decision was appealed to the trial court which upheld the decision of the board. Henley, pro se, appeals.
The record reveals that Henley was academically well-qualified to possess a nursing license. She has been a licensed registered nurse in Alabama since 1974, and has a master’s degree. After passing a national exam, Henley became a certified clinical specialist in medical-surgical nursing.
Prior to the events leading to the revocation of her license, Henley taught nursing courses and the record reflects that following her arrest, she was asked to resign her teaching position. No evidence was presented regarding the catalyst of Henley’s problems, but there was some testimony regarding Henley’s adjustment to her mother’s illness and subsequent death.
Appellate review of administrative actions is limited to determinations of “whether the agency acted within the powers conferred upon it by law and the constitution, whether its decision is supported by substantial evidence, and whether the agency’s decision is reasonable and not arbitrary.” Alabama Board of Nursing v. Herrick, 454 So.2d 1041, 1043 (Ala.Civ.App.1984).
In the instant case, the board presented evidence of alcohol-related arrests and a conviction, which clearly renders Henley’s competence to practice nursing questionable. Henley testified that Dr. Pine advised her that she could return to work and that it probably would be helpful for her to do so. The record reveals that although the hearing officer stressed to Henley the importance of supportive documentation from Dr. Pine, and allowed her two weeks to submit such information, Henley failed to do so. She contended that she was not able to obtain the information within the two weeks period, although she did receive her discharge summary. Henley argues that her discharge from the mental hospital should establish her mental competency.
Henley testified that at the time of the hearing, she was employed and attending Alcoholics Anonymous meetings. She advised the court that she had abstained from drinking for six months and that, to stop drinking was not a problem for her. Although Henley’s assertions lack support, she did submit a letter from a previous employer which stated that Henley was *258 qualified and talented. The allegations, however, do not question Henley’s talent in the nursing field. Rather, the allegations are that Henley suffers from alcohol addiction and mental incompetency, which render her incompetent to assume all of the responsibilities of the practice of nursing. The record contains substantial evidence supporting those allegations and Henley presented nothing to sufficiently rebut them. Considering the record within our limited standard of review, and the presumption of correctness which attaches to the board’s decision, Alabama Medicaid Agency v. Peoples, 549 So.2d 504 (Ala.Civ.App.1989), we find no error. This case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.