I would reverse the judgment of the circuit court and reinstate the order of the Board revoking Ms. Stejskal's license as a registered nurse. Therefore, I respectfully dissent.
The circuit court was required to give the decision of the Board — not the recommendation of the hearing officer — a presumption of correctness. See Alabama Bd. of Nursing v. Herrick,454 So.2d 1041 (Ala.Civ.App. 1984). The circuit court may reverse the Board's decision only if it finds the decision to be unsupported by the evidence and, thus, arbitrary and capricious. The Board is responsible for seeing that a nurse who has previously been convicted *Page 1010 
of an offense involving fraud, who has lost her license, and who is then placed on probation presents no risk to the public safety. See §34-21-25, Ala. Code 1975. The Board has every right to require that a probationary licensee live up to strict reporting standards during her period of probation. The Board's decision to revoke Ms. Stejskal's license because she did not adhere to the reporting standards was not arbitrary and capricious.
The circuit court has erroneously substituted its judgment for that of the Board, and we should reverse its judgment. See § 41-22-20(k), Ala. Code 1975.
 "[I]n reviewing the action of an administrative agency [the circuit court] does not pass upon the wisdom of the decision of the agency nor is it within the purview of the courts to pass upon the merits of a particular action of an administrative agency when the agency exercised its discretion in choosing the method of achieving legislative objectives."
Alabama Bd. of Nursing v. Herrick, 454 So.2d at 1043.