The Alabama Alcoholic Beverage Control Board (Board) denied the applicant a retail beer license. The applicant appeals, and we affirm.
After the denial by the Board, the applicant sought redress in the Circuit Court of Lauderdale County, which denied relief. The circuit court found the applicant's "appeal" to be untimely.
On September 25, 1984, the applicant applied to the Board for a retail beer license. A hearing on the application was held on March 13, 1985. By letter dated March 14, 1985, the Board denied the application. It is not disputed that the applicant received the Board's letter of denial on March 20, 1985.
On approximately May 28, 1985, the applicant filed a petition for a writ of mandamus in the circuit court to compel the Board to issue the beer license. The circuit court denied the writ as untimely. We agree with the action taken by the learned and distinguished trial judge.
In this instance, the applicant's right to judicial review of the Board's denial is governed by the Alabama Administrative Procedure Act, Ala. Code (1975), §§ 41-22-1 through -27. Under §41-22-20, an applicant who seeks judicial review of the Board's action must file a notice of appeal with the Board within thirty days after receipt of the notice of the Board's final decision. The applicant must then file a petition for judicial review in the circuit court within thirty days after filing the notice of appeal with the Board. See § 41-22-20 (d).
We note first that, although the applicant claims that the Board's denial letter does not comply with the Administrative Procedure Act, she did not comply the with Act herself. In this court's opinion, in this instance, the petition for a writ of *Page 600 
mandamus was not the proper vehicle for judicial review of the Board's denial of the beer license. Review in the circuit court is by an appeal from the Board's decision.
Even if a writ of mandamus was a proper method for obtaining judicial review in this case, the trial court did not err in dismissing the petition as untimely. The applicant filed the petition more than sixty days after she received the Board's letter of denial. Moreover, it appears that the applicant did not file a notice of appeal with the Board. Clearly, under §41-22-20 (d) the petition was untimely.
The above is dispositive of this appeal. However, both parties in the main "join issue" on the sufficiency of the Board's letter of denial.
The applicant contends that the Board's letter of denial was insufficient and failed to comply with §§ 41-22-15 and -16, which are also part of the Administrative Procedure Act. Specifically, she contends that the letter stated neither findings of fact and conclusions of law nor the reasons for the decision and the underlying facts of record as required by §§41-22-15 and -16. We disagree.
The letter sets forth the Board's findings and its reasons for the denial: that the applicant's establishment for which the beer license was sought is too close to a school, specifically a school crossing, and would be detrimental to the safety of the school children and create a traffic hazard. The letter further noted the opposition which had been voiced to the application.
The Board has been given discretionary powers to act upon applications for licenses. Ala. Code (1975), § 28-3A-3 (b). The findings and reasons stated in the letter of denial fall within those factors which the Board can consider in determining whether to grant or deny an application. See Mims v. RussellPetroleum Corp., 473 So.2d 507 (Ala.Civ.App. 1985).
We find that the Board's letter of denial met the minimum requirements of §§ 41-22-15 and -16 by apprising the applicant of its findings and its conclusions, i.e., that the application was denied for the stated permissible reasons.
As indicated, we should not be understood as concluding that the Board's letter is a paragon of compliance within the pertinent provisions of the Administrative Procedure Act. We only conclude that it is minimally sufficient.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.