Timothy Mays was dismissed from his employment as a receptionist with the State of Alabama Bureau of Tourism and Travel (Bureau) based upon charges that he had made "an uninvited homosexual advance" upon another state employee on state premises and that he had defaced state property by writing graffiti on the rest room walls at his place of employment. Mays appealed his dismissal to *Page 196 
the State Personnel Board (Board), which appointed a hearing officer to conduct an evidentiary hearing.
After hearing conflicting testimony concerning the alleged incidents, the hearing officer concluded that there was insufficient evidence that the incidents had occurred as charged. Thereupon, the hearing officer submitted his findings of fact to the Board and recommended that May be reinstated with back pay.
After reviewing the transcript of the hearing and listening to oral argument of the parties' counsel, the Board rejected the hearing officer's findings and recommendation and entered an order upholding Mays's dismissal. In support of its rejection of the hearing officer's report, the Board concluded that the hearing officer, when resolving the conflicts in the testimony, had ignored evidence corroborating the account of the incident given by the alleged victim of the alleged unwanted sexual advance.
Mays thereafter appealed the Board's decision to the Circuit Court of Montgomery County. The trial court reversed the Board's decision, holding that the Board's rejection of the hearing officer's findings was "without substantial justification [and] was, therefore, unreasonable, arbitrary, and capricious." The Board and the Bureau appeal, contending that the trial court erroneously substituted its judgment for that of the Board.
Our review of the order issued by the Board in this case, as well as the review in the circuit court, is governed by §41-22-20(k), Code 1975. Pursuant to this code section, the Board's order is presumed "prima facie just and reasonable, and the court shall not substitute its judgment for that of the [Board] as to the weight of the evidence on questions of fact." If we determine that evidence was offered to support the Board's order, then we must affirm. State Dep't of Correctionsv. Cooke, 530 So.2d 839 (Ala.Civ.App. 1988).
Because in this case the Board rejected the findings of the hearing officer, we note that it is well settled that the hearing officer is not a "co-equal statutory authority" with the Board. Thompson v. Alabama Dep't of Mental Health,477 So.2d 427 (Ala.Civ.App. 1985). Under the Board's rules and regulations, the Board may "modify, alter, set aside, or affirm" the hearing officer's findings and recommendations. State Personnel Board Rule 670-X-5-.07.
In Personnel Board v. King, 456 So.2d 80
(Ala.Civ.App. 1984), this court addressed the application of its standard of review in cases where the Board has rejected a hearing officer's findings, holding that
 " 'the Board may reject the [hearing officer's] findings, even though they are not clearly erroneous, if the other evidence provides sufficient support for the Board's decision. But it seems that the Board's supporting evidence, in cases where it rejects the [hearing officer's] findings, must be stronger than would be required in cases where the findings are accepted, since in the former cases the supporting evidence must be deemed substantial when measured against the [hearing officer's] contrary findings as well as the opposing evidence.' "
King, supra, at 82 (quoting NLRB v. Interboro Contractors,Inc., 388 F.2d 495, 499 (2d Cir. 1967)) (emphasis added).
Because most of the central facts in this case were vigorously disputed, this case turns upon the question of credibility. The hearing officer received testimony from eleven witnesses, including the diametrically opposed testimony of the only two witnesses who provided direct evidence regarding the alleged sexual advance: the alleged victim and Mays. The alleged victim, an employee of the State Highway Department, claimed Mays made an unwanted sexual advance upon him on the night of January 17, 1991, while the alleged victim was working at a state welcome center. The alleged victim testified that Mays, who was employed by the Bureau at the welcome center, but was off duty on the night in question, visited him at work on January 17 and made the unwanted sexual advance after massaging the alleged victim's shoulders and chest for approximately fifteen to twenty-five minutes. The alleged victim testified that, up until the point of the alleged sexual advance, he believed *Page 197 
Mays was "just being a friend." Testimony indicated that Mays and the alleged victim had been casual friends for approximately six months.
Mays categorically denied the accusation of the alleged victim and denied even being present at the welcome center on the night of the alleged incident. There were no other witnesses present during the alleged incident, and hence no witnesses who could substantiate or refute the direct testimony of Mays or the alleged victim. There was a multitude of character testimony to the effect that the conduct of which Mays was accused was completely contrary to his character.
Regarding the second charge against Mays, a co-worker of the alleged victim testified that on the night prior to the alleged sexual advance, he observed Mays enter the men's rest room at the welcome center, and that after Mays left the rest room, he went in and discovered sexually explicit graffiti written on a toilet paper dispenser. It was the co-worker's belief that Mays had written the graffiti. Mays categorically denied that he had written the graffiti. There was testimony from several witnesses that Mays and the co-worker were on unfriendly terms, and Mays testified that the co-worker had on previous occasions made racially derogatory remarks to him. There was also testimony that the alleged victim and the co-worker had once played a sexually oriented practical joke upon Mays.
Upon hearing all the testimony and examining various exhibits, the hearing officer concluded that "[t]here is no great preponderance nor sufficiency of the evidence to convince the hearing officer that the incident described by [the alleged victim] occurred as he said it did. Neither is there sufficient proof [that] there was graffiti placed on the dispenser or [rest room] wall by Mays." Thus, it is clear that the hearing officer discredited the testimony of the alleged victim and the co-worker, finding it to be unworthy of belief.
In its order rejecting the findings of the hearing officer, the Board determined that the hearing officer had "ignore[d] contemporaneous circumstances corroborating [the alleged victim's] account of the incident." The Board cited two instances of such "corroborating circumstances" purportedly ignored by the hearing officer: there was testimony that the alleged victim "called a co-worker on the night in question to relate the incident and discuss what action he should take"; and there was testimony that the alleged victim "further reported the incident to his supervisors on the very next morning." In addition, the Board concluded that there was no evidence of any motivation for the alleged victim to be untruthful, "and no evidence that he would have anything to gain by lying about the incident." (The Board apparently took no exception to the hearing officer's findings regarding the alleged incident of graffiti, and, therefore, we do not address this issue.)
Notwithstanding the Board's conclusions regarding "other evidence" of the alleged sexual advance, we find, from an examination of the hearing officer's report, that the hearing officer was clearly cognizant of the testimony regarding such "corroborating circumstances." The report makes specific reference to this testimony. The trial court recognized as much in its order, stating that it was "abundantly clear" from a review of the hearing officer's findings that "the hearing officer made proper notice of the very circumstances that the Board contends he ignored." It is likewise apparent that the hearing officer discredited the trustworthiness of this testimony and was able to weigh the probative value of such indirect evidence of the alleged incident. The only evidence supporting the Board's decision was in the form of testimonial evidence and indirect evidence that had been discredited, either expressly or by clear implication, by the hearing officer. Thus, the Board, in essence, reversed the credibility determinations made by the hearing officer.
We recognize that the Board is not bound by the credibility determinations of the hearing officer. King, supra, at 82. However, we do not find the Board's supporting evidence in this case to be "substantial when measured against the [hearing officer's] contrary findings as well as the opposing evidence."Id. Furthermore, while the hearing officer's recommendations are not binding upon the Board, the Board's discretion is not unbridled. The Board must have some reasonable justification for its determination *Page 198 
or base it upon adequate principles or fixed standards so that it will not be arbitrary or capricious. Alabama Medicaid Agencyv. Beverly Enterprises, 521 So.2d 1329 (Ala.Civ.App. 1987).
In its order reversing the Board's decision, the trial court stated as follows:
 "This court has searched in vain for any reasonable grounds upon which the Personnel Board can rely for rejecting [the hearing officer's] findings. There is no evidence that the Board received any new evidence at the review hearing. There is no evidence that the Board observed some procedural error in the transcript of the hearing before [the hearing officer]. There is no evidence that [the hearing officer] omitted from consideration some substantive testimony that would be indicative [of] a flawed judgment. There is no evidence that [the hearing officer] was biased in any way for or against any party or witness. During oral arguments, counsel for the Department of Personnel could offer no justification for the Board's rejection of [the hearing officer's] finding.
 "The only ground upon which the [Personnel Department] stands for rejecting [the hearing officer's] findings and recommendation is that he ignored certain contemporaneous circumstances. As pointed out earlier, the facts relied upon by the Board in rejecting the hearing officer's findings are clearly erroneous in that [the hearing officer] specifically addresses each alleged omission in his report."
In view of the standard of review we are governed by in this case, we find that the Board's action was unsupported by the evidence. We hold that the trial court correctly determined that the Board's rejection of the findings of the hearing officer was done without substantial justification and was, therefore, unreasonable, arbitrary, and capricious. §41-22-20(k)(7), Code 1975. Therefore, the trial court's judgment is affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.