THIGPEN, Judge.
This case involves the State Personnel Board’s (Board) reversal of the termination of employment of Alvin Manuel Collins by the State of Alabama, Department of Conservation and Natural Resources’s (Department).
The record reveals that the Department notified Collins in writing in April 1991 that he had been recommended for dismissal from employment because of several charges of misconduct. They included charges that he had removed railroad ties from private property, had conducted personal business at state expense, had hunted on State time and without the permission of the landowner, had failed to account for State property, had filed false expense vouchers, had instructed a state employee under his supervision to file a false travel voucher, and had filed false weekly reports. Following a hearing, the Department’s commissioner accepted the recommendation for dismissal; Collins appealed that decision to the Board.
A Board hearing officer conducted a hearing and determined that the charges against Collins were valid and recommended that the Board sustain the termination. Ultimately, however, the Board reinstated Collins because it determined that, although the dismissal might have been supported by the evidence, punishment was too harsh “under the circumstances of this case.” The Board recognized the Department’s lack of progressive discipline and Collins’s 13-year record as a state employee as mitigating circumstances. Further, the Board specifically determined that “lesser disciplinary action could have been administered to instruct the employee of the proper and expected course of conduct and the consequences of a failure to modify his behavior to meet those expectations.” The Board ordered the Department to reinstate Collins and to restore 14 weeks of back pay and benefits. The Department appealed to the circuit court, which affirmed the Board’s decision. Hence, this appeal.
The issues raised by the Department are whether the trial court applied the correct standard of review and whether the Board’s order to reinstate Collins is valid pursuant to Ala.Code 1975, § 41-22-16.
Ala.Code 1975, § 41-22-20(k), governs the standard of review. State Personnel Department v. Mays, 624 So.2d 194 (Ala.Civ.App.1993). In pertinent part, that section states that the Board’s order “shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the [Board].” Ala.Code 1975, § 41-22-20(k). Likewise, our narrow review does not permit substitution. State Department of Corrections v. Cooke, 530 So.2d 839 (Ala.Civ.App.1988). This court must affirm the trial court’s judgment if there was evidence offered supporting the Board’s decision to reinstate Collins. See Mays, supra.
The Board was not required to follow the hearing officer’s recommendation that it uphold Collins’s dismissal. See Mays, supra, and Thompson v. Alabama Department of Mental Health, 477 So.2d 427 (Ala.Civ.App.1985). If the Board rejects the hearing officer’s findings, then the evidence supporting the Board’s decision must be substantial. Personnel Board v. King, 456 So.2d 80 (Ala.Civ.App.1984). In the instant ease, the Board did not reject the hearing officer’s findings. The Board’s order states that it adopts as part of its order the “findings of fact and conclusions of law as found by the Hearing Officer.” Therefore, the substantial evidence standard of King does not apply.
The Board apparently ordered the reinstatement of Collins because of the weight it gave to two primary factors it considered to be mitigating circumstances, i.e., a lack of progressive discipline and Collins’s 13-year record as a state employee. The record discloses that no written complaints were made against Collins before his notice of dismissal, and that his performance appraisals for several years before the incidents in question *896 consistently rated Collins as “meets standards” or “exceeds standards.” That evidence supports a finding that Collins’s supervisors rated his work performance as good. There is no indication in the record that Collins was provided adequate supervision or instruction regarding his conduct. The Board could have determined that supervisory neglect contributed to Collins’s misconduct. While this court may not agree with a Board’s determination, we are not at liberty to substitute our judgment, nor to reverse a judgment that is supported by the evidence. As the trial court aptly stated, “the standard of review which binds this court” requires affirmance. Nothing in this opinion should be construed as prohibiting the Department from administering progressive discipline in accordance with Department policy or personnel regulations.
The Department further argues that the Board’s order did not include findings of fact and conclusions of law as required by Ala.Code 1975, § 41-22-16(a). These requirements can be minimally satisfied by apprising one of the findings and conclusions. See Spivey v. City of Florence, 480 So.2d 598 (Ala.Civ.App.1985). Furthermore, the rigid technicalities required in a court of law are not necessarily required in administrative proceedings. See State Highway Department v. State Personnel Board, 628 So.2d 878 (Ala.Civ.App.1993). We have thoroughly reviewed the Board’s order, which states that, although it adopted the hearing officer’s findings and conclusions, mitigating circumstances exist, such as the lack of progressive discipline and Colliris’s employment record, to support the imposition of a lesser punishment. We find that the order sufficiently complies.
The judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.