835 So.2d 1006 (2000)
STATE BOARD OF NURSING
v.
Donna Jacquelyn STEJSKAL.
2990909.
Court of Civil Appeals of Alabama.
December 1, 2000.
Rehearing Denied January 12, 2001.
*1007 Bill Pryor, atty. gen.; and Gail Ingram Hampton, asst. atty. gen., and general counsel, Alabama Board of Nursing, for appellant.
Alvin T. Prestwood of Volz, Prestwood & Hanan, P.C., Montgomery, for appellee.
YATES, Judge.
The State Board of Nursing ("the Board") appeals from a judgment in favor of Donna Jacquelyn Stejskal.
Stejskal received her license as a registered nurse on August 28, 1992. On March 22, 1994, the Board revoked her R.N. license because of a felony conviction for bank fraud. On May 24, 1995, the Board denied Stejskal's request for reinstatement; however, on May 23, 1997, the Board approved her reinstatement, with several terms and conditions, and imposed on her a 24-month probationary period. In June 1998, the Board alleged that Stejskal had violated several terms of her probation and, on July 28, 1998, it held a hearing to determine whether disciplinary action should be taken. The hearing officer issued an order recommending that Stejskal be reprimanded and that her probationary period be extended by one year. The Board, on September 18, 1998, rejected the recommendations of the hearing officer and again revoked Stejskal's R.N. license.
On September 29, 1998, Stejskal appealed the Board's decision, pursuant to § 41-22-20, Ala.Code 1975 (part of the Alabama Administrative Procedure Act), to the Montgomery County Circuit Court. On April 19, 2000, the court entered an order setting aside the Board's decision and accepting the hearing officer's recommendation, thereby reinstating Stejskal's R.N. license. The order states, in part:
"DISCUSSION
"The first alleged violation was that [Stejskal's] probation officer failed to render reports to the Board. This Court finds that this alleged violation is meritless in view of the fact that [Stejskal] has absolutely no control of when and if a probation officer files a report with the Alabama Board of Nursing. This Court would note that this was not a report that [Stejskal] herself was required *1008 to file with the Board, but instead was a report that the Board required her probation officer to file.
"The second alleged violation was that [Stejskal] changed employment without reporting the change of employment to the Board. The hearing held before the hearing officer showed that [Stejskal] took on a part-time job in addition to her full-time job working various weekends at the Eastern Shore Healthcare Facility. It was undisputed that [Stejskal's] full-time job was working as [an] R.N. in the office of Dr. Harvey Robles, a cardiologist, [by] whom she had been employed for 3 years and [that she] was identified by Doctor Robles as a good employee. [Stejskal] stated at the hearing that she did not report her part-time job to the Board because she understood that she had to report only a `change' in employment and did not consider this to be a change in employment but merely a second job. Obviously, the hearing officer believed that there was some confusion on [Stejskal's] part because he recommended that she receive only a reprimand and her probation be extended for a period of 1 year, to expire on August 4, 1999. Judy Crume, Executive Officer of the Alabama Board of Nursing, was the individual who overruled this recommendation and in fact revoked [Stejskal's] nursing license.
"The third alleged violation was that [Stejskal] failed to notify the Eastern Shore Healthcare Facility that she had a conviction for bank fraud and that she was currently in a probationary status with regards to her R.N. license. [Stejskal] stated at the hearing that she had in fact orally notified Ms. Tina Webber, who was the personnel director at the Eastern Shore Healthcare Facility, about her conviction and her probationary status at the time of the interview. [At this point in the order appears this footnote: `Ms. Webber is no longer employed by the Eastern Shore Healthcare Facility and was not available for the hearing.'] Ms. Martha Howell, the personnel director who replaced Tina Webber, testified that she was never notified by [Stejskal] of the bank fraud conviction and that she did not know that she was on probation with the Board until she saw it in one of the Board's publications. It is evident from the transcript provided from the hearing, that this issue is one [as to which] the parties genuinely had legitimate and convincing differences of opinion. [Stejskal], of course, argued that she informed the personnel director at the time, Ms. Tina Webber, about her conviction as well as her probationary status with the Board. The [Board], however, argued that the personnel director, Ms. Martha Howell, who took Ms. Webber's place, knew nothing about the conviction or the probationary status. The Board also pointed out that [Stejskal] had tried earlier to get a job with North Baldwin Hospital but was unsuccessful in obtaining employment after she disclosed to them that she in fact was on probation and had a felony conviction. The Board's attorney argued that [Stejskal] did not inform the Eastern Shore Healthcare Facility about her conviction because she knew she would not get the job based on what had previously taken place at North Baldwin Hospital.[[1]]
"CONCLUSION
"It is important to recognize that the hearing officer, after listening to all the *1009 witnesses as well as examining all the exhibits, did not recommend that any of the 3 alleged violations justified revoking [Stejskal's] nursing license. In fact, the hearing officer recommended a reprimand and a 1-year extension of [Stejskal's] probation. Judy Crume chose not to accept the hearing officer's recommendation and revoked [Stejskal's] nursing license. This Court recognizes that Ms. Crume is not required to adopt the hearing officer's recommendation; however, Ms. Crume's recommendation is not supported by the evidence presented to the hearing officer.
"... [H]aving reviewed the entire record, [the Court finds it evident] that the revocation of [Stejskal's] nursing license had nothing to do with her abilities to function as a registered nurse but instead was based on 3 alleged violations of her probationary terms. The first alleged violation has no merit. The second alleged violation was not clear, at best, regarding the definition of `change in employment.' The final alleged violation certainly could have been argued either way, and this Court gives deference to the Board's position that it was in fact violated. However, this violation did not rise to any level which would [justify] revoking [Stejskal's] nursing license for life."
The Board argues that the revocation of Stejskal's R.N. license was proper and is due to be affirmed.
In State Personnel Dep't v. Mays, 624 So.2d 194 (Ala.Civ.App.1993), we affirmed the trial court's decision to reverse a ruling by the Board regarding the termination of an employee's job, stating:
"We recognize that the Board is not bound by the credibility determinations of the hearing officer. However, we do not find the Board's supporting evidence in this case to be `substantial when measured against the [hearing officer's] contrary findings as well as the opposing evidence.' Furthermore, while the hearing officer's recommendations are not binding upon the Board, the Board's discretion is not unbridled. The Board must have some reasonable justification for its determination or base it upon adequate principles or fixed standards so that it will not be arbitrary or capricious. Alabama Medicaid Agency v. Beverly Enterprises, 521 So.2d 1329 (Ala.Civ.App.1987)."
Id. at 197-98 (citations omitted). In Mays, the trial court found that there was insufficient evidence to support the Board's determination and "that the Board's rejection of the findings of the hearing officer was done without substantial justification and was, therefore, unreasonable, arbitrary, and capricious. § 41-22-20(k)(7), Code 1975." Id. at 198. Likewise, we conclude in this present case that the trial court correctly set aside the ruling of the Board.
AFFIRMED.
ROBERTSON, P.J., and MONROE and THOMPSON, JJ., concur.
CRAWLEY, J., dissents.
CRAWLEY, Judge, dissenting.
I would reverse the judgment of the circuit court and reinstate the order of the Board revoking Ms. Stejskal's license as a registered nurse. Therefore, I respectfully dissent.
The circuit court was required to give the decision of the Boardnot the recommendation of the hearing officera presumption of correctness. See Alabama Bd. of Nursing v. Herrick, 454 So.2d 1041 (Ala.Civ.App.1984). The circuit court may reverse the Board's decision only if it finds the decision to be unsupported by the evidence and, thus, arbitrary and capricious.
The Board is responsible for seeing that a nurse who has previously been convicted *1010 of an offense involving fraud, who has lost her license, and who is then placed on probation presents no risk to the public safety. See § 34-21-25, Ala.Code 1975. The Board has every right to require that a probationary licensee live up to strict reporting standards during her period of probation. The Board's decision to revoke Ms. Stejskal's license because she did not adhere to the reporting standards was not arbitrary and capricious.
The circuit court has erroneously substituted its judgment for that of the Board, and we should reverse its judgment. See § 41-22-20(k), Ala.Code 1975.
"[I]n reviewing the action of an administrative agency [the circuit court] does not pass upon the wisdom of the decision of the agency nor is it within the purview of the courts to pass upon the merits of a particular action of an administrative agency when the agency exercised its discretion in choosing the method of achieving legislative objectives."
Alabama Bd. of Nursing v. Herrick, 454 So.2d at 1043.
NOTES
[1] The record contains documentation indicating that Stejskal was offered a position with Baldwin Hospital and that, according to Stejskal, she had declined the position because of the work hours and child-care considerations.