We granted certiorari review in this case to determine whether the Court of Civil Appeals erred in affirming the trial court's reversal of the revocation by the Alabama Board of Nursing ("the Board") of Donna Jacquelyn Stejskal's professional license. We reverse and remand.
 Facts and Procedural History
Donna Jacquelyn Stejskal was licensed as a registered nurse in 1992. In March 1994, the Board revoked her license because she had been convicted of a felony (bank fraud) in the United States District Court for the Southern District of Alabama. She spent four months in prison and was placed on probation for five years as a result of the conviction. On May 24, 1995, Stejskal requested that her license be reinstated, and the Board denied her request. Stejskal reapplied in May 1997, and the Board granted her application for reinstatement and placed her on probationary status for 24 months.
The reinstatement of Stejskal's license was subject to specified terms and conditions outlined in the Board's order of probation. Pursuant to this order, Stejskal was required to notify immediately her employer or any potential employer of her probationary status and to provide the employer or a potential employer with a copy of the Board's order. The order further required that the employer acknowledge to the Board that it had been provided with a copy of the order and state whether it would be able to employ Stejskal and to monitor her work. Finally, the order required an employer to agree to submit reports on Stejskal's job performance to the Board on a quarterly basis.
In addition to the requirements placed upon her employer, the order required Stejskal to submit monthly "self-reports," in which she was to state her current employment as well as any change in her employment status that had occurred during the month. The Board's probation officer then cross-checked those self-reports with the reports submitted by the employer.
In June 1998, the Board alleged that Stejskal had violated several terms of her probation. The basis of the alleged violations regarded Stejskal's part-time employment. Stejskal had been employed full-time as a nurse in a cardiologist's office for three years. The cardiologist reported that she was a good employee. In addition to this job, Stejskal took a part-time nursing position with Eastern Shore Healthcare Facility ("Eastern Shore"). Stejskal maintains that because her employment with Eastern Shore was only part-time and because it did not interfere with, or cause her to terminate, her employment with the cardiologist, there had not been a "change" in her employment status, and, thus, she was not required to, and did not, report her employment with Eastern Shore to the Board. Although Stejskal testified that she reported her probationary status to Tina Webber, the personnel director for Eastern Shore at the time she was hired by Eastern Shore, Martha Howell, who was the personnel director when the Board discovered the alleged violations, stated that she was never *Page 1012 
notified that Stejskal was on probation. Stejskal submitted no signed acknowledgment by Eastern Shore indicating that it was aware of Stejskal's probation as required by the order. Additionally, Eastern Shore never provided any evaluations of Stejskal's performance to the Board's probation officer.
After the Board discovered the alleged violations, it assigned a hearing officer to collect evidence and to make a recommendation regarding Stejskal's discipline. Following a hearing on July 28, 1998, the hearing officer recommended that Stejskal be reprimanded and that her probationary status be extended by one year. However, on September 18, 1998, the Board rejected the hearing officer's recommendation and again revoked Stejskal's license.
Stejskal appealed the Board's decision to the Montgomery Circuit Court. The trial court found that the Board's decision was not supported by the evidence, stating:
 "It is important to recognize that the hearing officer, after listening to all the witnesses as well as examining all the exhibits, did not recommend that any of the 3 alleged violations justified revoking [Stejskal's] nursing license. In fact, the hearing officer recommended a reprimand and a 1-year extension of [Stejskal's] probation."
Although the trial court's order identifies Judi Crume, the executive officer of the Alabama Board of Nursing, as the sole decision-maker in the decision to overrule the hearing officer's recommendation and to revoke Stejskal's license, it appears undisputed that the order of probation was issued under the authority of the entire Board.
The Board appealed to the Court of Civil Appeals, which affirmed the trial court's decision. State Board of Nursing v. Stejskal, 835 So.2d 1006
(Ala.Civ.App. 2000). The Board petitioned this Court for certiorari review, arguing that the Court of Civil Appeals' opinion conflicted withAlabama Board of Nursing v. Herrick, 454 So.2d 1041 (Ala.Civ.App. 1994).
 Analysis "Judicial review of an agency's administrative decision is limited to determining whether the decision is supported by substantial evidence, whether the agency's actions were reasonable, and whether its actions were within its statutory and constitutional powers. Judicial review is also limited by the presumption of correctness which attaches to a decision by an administrative agency."
Alabama Medicaid Agency v. Peoples, 549 So.2d 504, 506 (Ala.Civ.App. 1989) (citations omitted).
Section 34-21-25(b), Ala. Code 1975, provides:
 "The board may . . . deny, revoke, or suspend any license issued by it or to otherwise discipline a licensee upon proof that the licensee . . . is guilty of unprofessional conduct of a character likely to deceive, defraud, or injure the public in matters pertaining to health or has willfully or repeatedly violated any of the provisions of this article, as defined by board rules and regulations."
The Court of Civil Appeals' opinion affirming the trial court's decision in this case relied solely on State Personnel Dep't v. Mays,624 So.2d 194 (Ala.Civ.App. 1993), and reasoned that the Board's supporting evidence was insufficient to override the recommendation of the hearing officer. In Mays, supra, the Court of Civil Appeals affirmed a trial court's order that reversed the State Personnel Board's rejection of the findings of fact and recommendations of a hearing officer. Because it found that the State Personnel Board had rejected the findings of the hearing officer without *Page 1013 
substantial justification, the Court of Civil Appeals concluded that the Board's decision was unreasonable, arbitrary, and capricious. Mays, 624 So.2d at 198. Therefore, because the Court of Civil Appeals in this case relied solely on Mays, we must conclude that the Court of Civil Appeals found the Board's revocation of Stejskal's license to be unreasonable, arbitrary, and capricious.
The Board alleges that the Court of Civil Appeals' decision in this case conflicts with its opinion in Alabama Board of Nursing v. Herrick,454 So.2d 1041 (Ala.Civ.App. 1984). In Herrick, the factual situation was quite similar to this case — it involved the suspension or revocation of the license of a licensed practical nurse. After hearing evidence and making findings of fact and conclusions of law, the hearing officer recommended a 90-day suspension of Herrick's license. As in this case, the Board adopted the hearing officer's findings of fact and conclusions of law, yet it ordered that Herrick's license be revoked. On appeal, the circuit court adopted the findings of fact of the hearing officer, reversed the order of the Board, and substituted the hearing officer's recommendation. The Board appealed to the Court of Civil Appeals, which stated that pursuant to § 34-21-25, Ala. Code 1975, "the [B]oard, not the hearing officer, has the authority to revoke or suspend any license issued by it upon proof that the [licensee] was guilty of unprofessional conduct of a nature likely to injure the public in matters pertaining to health." Herrick, 454 So.2d at 1043. Based on the facts before it, the Court of Civil Appeals determined that the Board, in revoking Herrick's license, had not exceeded the scope of its authority.
Based on the facts before us, we conclude that the Board's decision to revoke Stejskal's license was supported by substantial evidence; that it was reasonable; and that it was within the Board's constitutional and statutory authority. Pursuant to the terms of her probation, Stejskal was required to inform the Board of any change in her employment status. It is undisputed that while Stejskal was employed by the cardiologist she sought and obtained additional, part-time employment with Eastern Shore Healthcare Facility, a nursing home facility. After she was employed at Eastern Shore, Stejskal submitted four self-reports to the Board; she did not report her employment with Eastern Shore in any of those self-reports. Although Stejskal argues that the Eastern Shore position was only part-time and that it, therefore, did not constitute a "change of employment," it nevertheless constituted additional employment within the nursing field, a matter that is within the Board's discretion to monitor.
Also pursuant to the terms of her probation, Stejskal was required to notify any employer or potential employer of her probationary status and to provide the employer with a copy of the order of probation. Stejskal's employer was also required to submit quarterly reports regarding Stejskal's job performance. Although Stejskal testified that she had informed Tina Webber, the Eastern Shore personnel director who had hired her, of her probationary status, Martha Howell, personnel director at Eastern Shore at the time of the discovery of the alleged violations, testified that Stejskal had never notified her of her probationary status. Moreover, Eastern Shore did not have a copy of the order of probation in its file before it discovered Stejskal's probation violation, and Eastern Shore never submitted any reports to the Board.
Stejskal had been convicted of bank fraud, a crime involving theft and dishonesty. Because a nurse has access to many things of value, such as drugs, supplies, *Page 1014 
and the personal property of patients, the Board chose to monitor Stejskal's return to the practice of nursing. Because of the continued dishonesty regarding her employment during the last few months of her probation, the Board again revoked Stejskal's license.
Because Stejskal violated the specific terms of her probation, the Board acted within its discretion in revoking her license and the trial court erroneously reversed its decision. Thus, we hold that the Court of Civil Appeals' affirmance in this case conflicts with Alabama Board ofNursing v. Herrick, 454 So.2d 1041 (Ala.Civ.App. 1984). Accordingly, we reverse the judgment of the Court of Civil Appeals and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
Moore, C.J., and Houston, See, Lyons, Johnstone, Woodall, and Stuart, JJ., concur.
Harwood, J., concurs specially.