I concur fully with the main opinion. I write specially only to offer the following observations and considerations.
None of the cases cited by the parties or in either the opinion by the Court of Civil Appeals or Judge Crawley's dissent from that opinion involves precisely the same factual and procedural setting we are now called upon to review. Specifically, in none of those cases had the licensee already had his or her license revoked and then had it reinstated conditionally for a prescribed period of probation. Neither the parties nor the Court of Civil Appeals has questioned the authority of the State Board of Nursing to reinstate a revoked license conditionally for a stated period of probation, subject to the terms and conditions specified for that probation. Section 34-21-25(b) authorizes the board to "deny, revoke, or suspend any license issued by it or to otherwise discipline a licensee upon proof that the licensee . . . has been convicted of a felony. . . ." Subsection (g) provides that "[i]f the accused person is found guilty of the charges, the board may refuse to issue a license, may revoke or suspend a license or may otherwise discipline a licensee. A revoked license may be considered for reinstatement after one year in accordance with board rules."
In this case, Ms. Stejskal had been convicted of a felony, the Board had revoked her registered-nurse license, and then had rejected her initial application for reinstatement. It granted her second application for reinstatement, but only on the condition that she observe prescribed conditions of probation for a 24-month period. The Board subsequently revoked that conditional reinstatement, based upon its finding that Ms. Stejskal had violated certain conditions of her probation. It is important to note that the Board's findings of fact in this regard precisely parallel those of the hearing officer appointed to conduct the initial proceedings arising out of the charges of probation violation. In particular, the hearing officer found that Ms. Stejskal had "violated the term of probation that required her to notify the Board in writing of changes in employment, in that she failed to notify the Board of her employment with Eastern Shore Health Care which began on or about December 26, 1997, as a second job," and that she "also failed to disclose her employment [with] Eastern Shore Health Care in self-reports mailed to the Board after she began working at the facility." Further, the hearing officer found that Ms. Stejskal had violated the term of her probation that required her to have her employer notify the Board on the employer's letterhead within 14 days of employment of its receipt of a copy of the order of the Board. The *Page 1015 
hearing officer also found that Ms. Stejskal's conduct constituted ground for disciplinary action for violation of Ala. Code 1975, § 34-21-25, and Alabama Board of Nursing Administrative Code, § 610-X-8-.05(e)7.
The document entitled "Findings of Fact and Conclusions of Law of Hearing Officer" was transmitted to the 13-member Board, along with a full transcript of the proceedings before the hearing officer and copies of all exhibits introduced at that hearing. The Board considered all of those materials before concluding that Ms. Stejskal had violated her probation in exactly the same respects as had been found by the hearing officer, but differed with him as to the appropriate sanction. It elected to revoke Ms. Stejskal's probation and to revoke her conditionally reinstated license. (That revocation would return her to the status of a revoked licensee who might be considered for reinstatement after one year from the revocation.) Neither the circuit court nor the Court of Civil Appeals has questioned the findings of fact by the hearing officer or those same findings of fact subsequently adopted by the Board. Rather, the circuit court simply concluded that "Ms. Crume's recommendation that Ms. Stejskal's probationary license be revoked, was not supported by the evidence presented by the hearing officer." (Emphasis added.) In this regard, the circuit court apparently misapprehended the nature of the proceedings below. Although the order issued by the Board was signed on its behalf by "Judi Crume, RN, MSN Executive Officer," Ms. Crume did not have a vote at the Board meeting, and the order of revocation was that of the 13-members of the Board.
Relying on State Personnel Department v. Mays, 624 So.2d 194
(Ala.Civ.App. 1993), the Court of Civil Appeals concluded that the circuit court had correctly set aside the ruling of the Board because, quoting from Mays, "`the Board's rejection of the findings of the hearing officer was done without substantial justification and was, therefore, unreasonable, arbitrary, and capricious. § 41-22-20(k)(7), Code 1975.'" 624 So.2d at 198. In Mays, the hearing officer had concluded that there was "insufficient evidence that the incidents had occurred as charged," 624 So.2d at 196, and recommended that the employee be reinstated with back pay. The personnel board concluded that the hearing officer "had ignored evidence corroborating the account of the incident," 624 So.2d at 196, and entered an order upholding the employee's dismissal. On appeal, the circuit court found that the hearing officer had not in fact ignored the alleged corroborating evidence and noted that, because "most of the central facts in this case were vigorously disputed, this case turns upon the question of credibility." 624 So.2d at 196. The circuit court reversed the Board's decision, concluding that its rejection of the hearing officer's findings of fact was without substantial justification and was, therefore, unreasonable, arbitrary, and capricious. On appeal, the Court of Civil Appeals observed that the Board was not bound by the credibility determinations of the hearing officer, but found that the evidence the Board had cited was not "`substantial when measured against the [hearing officer's] contrary findings as well as the opposing evidence.'" 624 So.2d at 196, quotingPersonnel Board v. King, 456 So.2d 80, 82 (Ala.Civ.App. 1984). The Court of Civil Appeals concluded that, consequently, the Board had no reasonable justification for its determination and its action was deemed to have been arbitrary and capricious. Section 41-22-20(k)(6) and (7), Ala. Code 1975, a part of the Alabama Administrative Procedure Act, provides that upon appeal of an agency's decision to an appropriate circuit court "[t]he court may reverse or modify the decision *Page 1016 
. . . if the substantial rights of the petitioner have been prejudiced because the agency action is any one or more of the following: . . . (6) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (7) Unreasonable, arbitrary, or capricious, or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion."
As noted, this is not a case where the Board has rejected the hearing officer's findings of fact. Rather, it has fully adopted those findings and has simply disagreed with the officer's recommendation of the appropriate sanction. I do not consider that the Board's decision in that regard was either clearly erroneous or unreasonable, arbitrary, or capricious, or was characterized by an abuse of discretion or was a clearly unwarranted exercise of discretion.
Although not directly analogous, the law relating to revocation of probation in criminal cases is somewhat instructive. A judge considering a charge of probation violation must be only "reasonably satisfied from the evidence" that a violation of the conditions or regulations of probation or the instructions occurred. Rule 27.6(d)(1), Ala.R.Crim.P. "If the court finds that a violation of the conditions or regulations of probation or instructions occurred, it may revoke, modify, or continue probation." Rule 27.6(e).
Ms. Stejskal's license had originally been revoked on account of her conviction of bank fraud, a felony that involved theft and dishonesty. It is certainly understandable that the Board decided to reinstate her license only on a conditional, probationary basis, believing that legitimate concerns for protection of the public reasonably required particularized monitoring of her return to practice. As the Board cogently stated in its petition to this Court, "nurses have access to many things of value such as drugs, supplies, and patient's personal property. Nurses can also engage in fraudulent activities in the workplace such as charting medications and treatments as having been administered which in fact have not been performed." The terms of probation imposed by the Board established a series of "cross-checking" mechanisms designed to allow the Board to oversee closely Ms. Stejskal's return to nursing practice to make sure that problems did not arise in any work setting.
Even in a nonprobationary status setting, a circuit court is required to regard a revocation order by the Board "as prima facie, just and reasonable and the court shall not substitute its judgment for that of the [Board] as to the weight of the evidence on questions of fact, except where otherwise authorized by statute." § 41-22-20(k). The decision of the circuit court in this case that Ms. Stejskal's violation of her probation "did not rise to any level which would [justify] revoking [Ms. Stejskal's] nursing license for life" was simply a determination by the circuit court that the sanction deemed appropriate by the Board, i.e., revocation of the conditional reinstatement of Ms. Stejskal's license, was too harsh. Likewise, the conclusion by the Court of Civil Appeals that there was insufficient evidence to support the Board's determination, with the result that the Board's rejection of "the findings of the hearing officer was done without substantial justification and was, therefore, unreasonable, arbitrary, and capricious," 624 So.2d at 198, is a substitution by that court of its judgment for that of the agency as to the weight of the evidence.
Superimposed upon all of these standards of review developed for cases of "initial" revocation by an agency of a license granted by the agency, is the special circumstance that we are not reviewing an *Page 1017 
initial revocation, but rather a decision to revoke a probationary license. That circumstance warrants increased deference to the decision of the entity that granted the probation and has the responsibility for overseeing it and choosing an appropriate sanction for probation violation. Importantly, we must remember that we are not dealing with a case where the question is whether a violation of probation was proven. The hearing officer and the Board both found multiple violations to have been proven, and neither the trial court nor the Court of Civil Appeals questioned those findings. Rather, we are simply considering whether the sanction selected by the Board — revocation of the conditionally reinstated license — was clearly erroneous in view of the substantial evidence on the whole record, or was otherwise unreasonable, arbitrary, or capricious, or was an abuse of discretion or a clearly unwarranted exercise of discretion. It was none of those.